WALTER M. YOKA  (SB# 94536)
wyoka@yokasmith.com
CHRISTOPHER P. LEYEL  (SB# 161755)
cleyel@yokasmith.com
SHAUNA W. AVRITH  (SB# 145085)
savrith@yokasmith.com
**YOKA | SMITH, LLP**
445 S. Figueroa Street, 38th Floor
Los Angeles, CA  90071
Telephone:  (213) 427-2300
Facsimile:   (213) 427-2330

JAMES F. SPEYER  (SB# 133114)
James.speyer@arnoldporter.com
E. ALEX BEROUKHIM  (SB# 220722)
alex.beroukhim@arnoldporter.com
**ARNOLD & PORTER KAY SCHOLER, LLP**
777 S. Figueroa Street, 44th Floor
Los Angeles, CA  90017
Telephone:  (213) 243-4000
Facsimile:   (213) 243-4199

Attorneys for Defendant
La-Z-Boy Incorporated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY JACOBS, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LA-Z-BOY INCORPORATED, a Michigan corporation, and DOES 1-50, inclusive,<br><br>　　　　　Defendant. | Case No. 2:24-cv-04446<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT LA-Z-BOY INCORPORATED TO DISMISS CLASS ACTION COMPLAINT**<br><br>[*Filed concurrently with (Proposed) Order*]<br><br>ORAL ARGUMENT REQUESTED<br><br>Judge:  Hon. Josephine L. Staton<br>Date:    October 25, 2024<br>Time:    10:30 a.m.<br>Ctrm:    8A |

1

## NOTICE OF MOTION AND MOTION

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE THAT on October 25, 2024 at 10:30 a.m., or as

4

soon thereafter as the matter may be heard, in the courtroom of the Honorable

5

Josephine L. Staton, located at First Street U.S. Courthouse, 350 West 1st St., Los

6

Angeles, CA 90012, Courtroom 8A, defendant La-Z-Boy Incorporated will and

7

hereby does move for an order dismissing with prejudice each and every purported

8

claim in the complaint of plaintiff Jeffrey Jacobs pursuant to Federal Rules of Civil

9

Procedure 12(b)(6) on the grounds that plaintiff lacks standing and the Complaint

10

fails to state any claim upon which relief can be granted.

11

On August 16 counsel for moving party emailed a detailed meet and confer

12

letter setting forth the primary bases for the instant motion.  Due to the press of

13

business, counsel for Plaintiff was not able to discuss the issues for several days.

14

Thus, the parties agreed to hold a substantive discussion on the points raised in the

15

August 16 meet and confer letter on August 27 at 3:00 p.m.

16

This motion is based on this notice of motion and motion; the memorandum

17

of points and authorities contained herein; any reply papers that Defendant may file;

18

upon all pleadings, records and papers on file in this action; and upon such further

19

arguments as may be presented to the Court at or prior to the hearing on the motion.

20

21

DATED: August 23, 2024                    YOKA | SMITH, LLP

22

23

BY:   /s/ CHRISTOPHER P. LEYEL
WALTER M. YOKA

24

CHRISTOPHER P. LEYEL

25

SHAUNA W. AVRITH
Attorneys for Defendant,

26

LA-Z-BOY INCORPORATED

27

28

NOTICE OF MOTION AND MOTION OF DEFENDANT LA-Z-BOY
INCORPORATED TO DISMISS CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

## MEMORANDUM OF POINTS AND AUTHORITIES

Page(s)

Summary of Allegations and Argument ............................................................. 8

   1.  The Complaint fails to allege facts showing that the advertising was false ............................................................. 8

   2.  The Complaint fails to allege facts giving rise to a right to monetary relief under California law ............................................. 9

The Legal Standard ............................................................. 9

Argument ............................................................. 11

I.   THE COMPLAINT FAILS TO STATE A CLAIM BECAUSE IT FAILS TO ALLEGE THE MOST BASIC FACTS REGARDING PLAINTIFF'S PURPORTED TRANSACTION ..................................... 11

II.  PLAINTIFF'S CLAIMS FOR MONETARY RELIEF UNDER CALIFORNIA LAW FAIL ................................................. 14

   A.   Price/Value Differential Is The Proper Measure of Restitution ........ 14

     1.  Restitution Is The Only Monetary Relief Available Under The UCL And FAL, And Restitution Under The CLRA Is No Different ............................................................. 14

     2.  Price/Value Differential Is The Proper Measure Of UCL And FAL Restitution ............................................................. 15

   B.   Price/Value Differential Is Also The Proper Measure Of Damages Under The CLRA In A False Advertising Lawsuit .......................... 17

   C.   Plaintiff's Request For Monetary Relief Fails Because He Alleges No Facts Showing Price/Value Differential ........................ 18

Conclusion ............................................................. 18

Certificate of Compliance per L.R. 11-6.2 ....................................... 19

- 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## <u>FEDERAL CASES</u>

<u>Page(s)</u>

*Akinmeji v. Jos A. Bank Clothiers, Inc.*
399 F. Supp. 3d (1981) ...................................................................... 15

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ........................................................................... 10

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ........................................................................ 9-10

*Branca v. Nordstrom, Inc.*
2015 WL 10436858 (S.D. Cal. Oct. 9, 2015) .................................. 12

*Brazil v. Dole Packaged Foods*, LLC
660 F. App'x 531 (9th Cir. 2016) .................................................... 15

*Chowning v. Kohl's Dep't Stores, Inc.*
2016 WL 1072129 (C.D. Cal. Mar. 15, 2016) ................................. 16

*Chowning v. Kohl's Dept. Stores, Inc.*
733 F. App'x 404 (C.D. Cal. 2018) ...................................... 13, 14, 15

*Comwest, Inc. v. American Operator Servs., Inc.*
765 F. Supp. 1467 (C.D. Cal. 1991) ................................................ 10

*Fayer v .Vaughn*
649 F.3d 1061 (9th Cir. 2011) ......................................................... 10

*In re iPhone 4s Consumer Litig.*
637 F. App'x 414 (9th Cir. 2016) .................................................... 10

*Jacobo v. Ross Stores, Inc.*
2016 WL 3483206 (C.D. Cal. June 17, 2016) .................................. 11

*Kearns v. Ford Motor Co.*
567 F.3d 1120 (9th Cir. 2009) ......................................................... 10

*Knapp v. Art.com, Inc.*
2016 WL 3268995 (N.D. Cal. June 15, 2016) ................................. 13

- 4 -

Page(s)

*Lyddy v. World of Jeans & Tops*
2012 WL 760570 (S.D. Cal. Mar. 7, 2012) ....................................17

*Marino v. Coach, Inc.*
264 F. Supp. 3d 558 (S.D.N.Y. 2017) .......................................11, 13

*Odom v. Microsoft Corp.*
486 F.3d 541 (9th Cir. 2007)..................................................10

*Rubenstein v. Neiman Marcus Group LLC*
687 F. App'x 564 (9th Cir. 2017) ..............................................12

*Russell v. Kohl's Dep't Stores, Inc.*
2015 WL 12781206 (C.D. Cal. Oct. 6, 2015)...................................16

*Stathakos v. Columbia Sportswear Co.*
2016 WL 1730001 (N.D. Cal. May 2, 2016) ..................................12

*Stathakos v. Columbia Sportswear Co.*
2017 WL 1957063 (N.D. Cal. May 11, 2017) ............................16, 17

*Tompkins v. Basic Research LL*
2008 WL 1808316 (E.D. Cal. Apr. 22, 2008)..................................17

*Vizcarra v. Michaels Stores*
24 WL 64747 (N.D. Cal. Jan. 5, 2024) .........................................13

*Williams v. Gerber Prods. Co.*
552 F.3d 934 (9th Cir. 2008) ..................................................12

*Zakaria v. Gerber Products. Co.*
755 F. App'x 623 (9th Cir 2018) ..............................................17

NOTICE OF MOTION AND MOTION OF DEFENDANT LA-Z-BOY
INCORPORATED TO DISMISS CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **STATE CASES**

Page(s)

*Colgan v. Leatherman Tool Grp., Inc.*
135 Cal. App. 4th 663 (2006)................................................ 14, 17

*Comm. on Children's Television, Inc. v. Gen. Foods Corp.*
35 Cal. 3d 197 (1983)........................................................... 14

*Cortez v. Purolator Air Filtration Prods. Co.*
23 Cal. 4th 163 (2000).......................................................... 15, 16

*Day v. AT&T Corp.*
63 Cal. App. 4th 325, 340 (1998)..........................................17

*Hambrick v. Healthcare Partners Med. Grp.*, Inc.
238 Cal. App. 4th 124 (2015)................................................ 14

*In re Tobacco Cases II*
240 Cal. App. 4th 779 (2015).......................................... 15, 16, 17, 18

*In Re Vioxx Class Cases*
180 Cal. App. 4th 116 (2010) ...............................................16

*Korea Supply Co. v. Lockheed Martin Corp.*
29 Cal. 4th 1134 (2003)........................................................ 14, 16

*Kwikset Corp. v. Super. Ct.*
51 Cal. 4th 310 (2011) .........................................................14

*People v. Superior Court (J.C. Penney Corp.)*
34 Cal. App. 5th 376 (2019) ...............................................13, 15

*People of the State of Cal. v. Kohl's Dep't Stores, Inc.*
No. BC643037 (Cal. Super. Ct. July 13, 2021) ................... 13

## **STATUTES AND RULES**

Ca. Civil Code section 3343(a) ............................................. 16, 17

Fed. Rule Civ. Pro. Rule 9(b)...............................................10

- 6 -

1

## __EXHIBITS__

2

3    **Ex. A**        *People of the State of Cal. v. Kohl's Dep't Stores, Inc.*, No.
BC643037 (Cal. Super. Ct. July 13, 2021)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION OF DEFENDANT LA-Z-BOY
INCORPORATED TO DISMISS CLASS ACTION COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### Summary of Allegations and Argument

This is a putative false price advertising class action against La-Z-Boy, the parent company of Joybird, a retail seller of furniture and home décor products. Plaintiff claims that Joybird engages in "widespread and perpetual use of false reference and discount pricing." Compl. ¶ 1. Plaintiff Jeffrey Jacobs seeks to certify a California class of purchasers of Joybird products online or in retail stores. *Id.* ¶56.

The Complaint purports to assert three claims:

- Violation of California's Unfair Competition Law ("UCL"), on behalf of the California subclass (First Cause of Action);

- Violation of California's False Advertising Law ("FAL"), on behalf of the California subclass (Second Cause of Action); and

- Violation of California's Consumer Legal Remedies Act ("CLRA"), on behalf of the California subclass (Third Cause of Action).

The Complaint fails to state a claim for the following reasons:

1. **The Complaint fails to allege facts showing that the advertising was false.**

The Complaint is premised on the idea that the strikethrough price used in Joybird's advertisements "communicates to consumers that the product is being offered at a substantial discount from a former price and will return to that price if the shopper fails to act."  Compl. ¶ 19; *see also id.* ¶ 22. But the Complaint contains no factual allegations that, if accepted as true, would establish that the "strikethrough" price of any product plaintiff actually bought (5-piece Bryant U-Sofa Bumper Section or Holt Armless Chair) was not a former price or did not return to that price after plaintiff made his purchases. Exhibit C to the Complaint purports to show the price at which Joybird offered products that plaintiff did not purchase for sale online for a period of time but that is irrelevant. In addition, plaintiff fails to allege any facts supporting his allegation that reasonable consumers

- 8 -

interpret Joybird's "strikethrough" price to mean an "original" or "former" price, as he alleges in conclusory fashion throughout the Complaint.[1] *See, e.g.*, Compl. ¶¶ 19, 22, 24, 37. To be sure, Joybird does not use the phrase "original" in any of its advertisements and none of the photos in the Complaint show the use of the word "original." *Id.* ¶¶ 19. What's more, plaintiff alleges no facts to support his assertion that consumers interpret Joybird's strikethrough price to mean the "original" or "former" price Joybird charged for the exact same item online or in retail stores, as opposed to the price competitors charge for the same or similar products.  This is significant, because plaintiff's theory of deception hinges on this interpretation, but he alleges no facts to support that conclusion.

### 2. *The Complaint fails to allege facts giving rise to a right to monetary relief under California law.*

The only monetary relief available under the UCL and FAL is restitution. *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 790 (2015). To recover restitution, a plaintiff must prove a price/value differential -- that is, that he paid more than the value of the product he received in return. *Id.* at 802. The Complaint fails to state a claim for restitution because it does not allege any facts showing that the amount plaintiff paid defendant exceeds the value of the merchandise he received in return. Although the CLRA claim seeks damages, the analysis is identical: A monetary recovery requires plaintiffs to show a price/value differential. This failure requires dismissal of all claims for monetary relief.

### The Legal Standard

A motion to dismiss should be granted when a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

---

[1] There is no dispute that Joybird only uses strikethrough prices in its advertisements.  Compl. ¶ 22 n.23 ("Defendant's exclusive products all bear the same strike-through font discount method."); *id.* ¶ 30 ("the products sold by Defendant bear a substantially discounted sale price that appears next to the 'crossed out' or 'strikethrough' . . . price").

NOTICE OF MOTION AND MOTION OF DEFENDANT LA-Z-BOY INCORPORATED TO DISMISS CLASS ACTION COMPLAINT

*Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is]a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  On a motion to dismiss, the Court must only accept the *factual* allegations of the complaint as true. *Twombly*, 550 U.S. at 555. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Fayer v .Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (cite omitted). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

A plaintiff alleging fraudulent or deceptive conduct must further satisfy Rule 9(b)'s heightened pleading standard, which requires the plaintiff to plead the circumstances constituting fraud with particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125–27 (9th Cir. 2009). Rule 9(b) requires that a plaintiff's pleading include "the time, place, and specific content of the false representations . . . ." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). To satisfy Rule 9(b), it is not enough for the plaintiff to simply claim that a representation is false — he must "explain what is false or misleading about the statement made and why it is false." *In re iPhone 4s Consumer Litig.*, 637 F. App'x 414, 415 (9th Cir. 2016). In addition, "[i]t is well settled that fraud '[a]llegations based on "information and belief" do not satisfy the particularity requirement of Rule 9(b) unless the complaint sets forth the facts on which the belief is founded.'" *Comwest, Inc. v. American Operator Servs., Inc.*, 765 F. Supp. 1467, 1471 (C.D. Cal. 1991).

///

///

///

///

NOTICE OF MOTION AND MOTION OF DEFENDANT LA-Z-BOY
INCORPORATED TO DISMISS CLASS ACTION COMPLAINT

## **Argument**

### I. THE COMPLAINT FAILS TO STATE A CLAIM BECAUSE IT FAILS TO ALLEGE THE MOST BASIC FACTS REGARDING PLAINTIFF'S PURPORTED TRANSACTION

Out of the 40-page, 96-paragraph complaint, there are just three paragraphs that mention the purchase transactions that form the heart of this false advertising lawsuit. Compl. ¶¶ 37–39. Significantly, these paragraphs fail to identify how and why each advertisement[2] viewed by plaintiff is false. Specifically, the Complaint does not allege any facts showing that the advertised strikethrough price was not a price that Joybird formerly charged or charged in the future. *Jacobo v. Ross Stores, Inc.*, 2016 WL 3483206, at *3 (C.D. Cal. June 17, 2016) (requiring pre-suit investigation to cure deficiencies in first amended complaint and ordering that those "allegation[s] should not be made 'on information and belief' but should be based on specific facts"). Plaintiff purports to provide this information for products that he did not purchase (*see* Compl. ¶ 30; Ex. C), but those have nothing to do with his transactions, which are the lynchpin of this action. *See, e.g.*, *Marino v. Coach, Inc.*, 264 F. Supp. 3d 558, 568-569 (S.D.N.Y. 2017) (dismissing the plaintiff's claim that Coach's outlet price advertising is deceptive because it "does not identify any Coach mainline products -- or family of products -- to which Plaintiffs believe *the outlet goods they purchased* were similar" even though their pre-suit investigation showed similar items in outlet and retail stores that "[Plaintiffs *do not allege . . . that they purchased*") (emphasis added).

In anticipation of this argument, plaintiff pleads that "numerous false discount pricing cases hold that plaintiffs are *not* required to perform *any* specific details of pre-suit investigations in false discount pricing cases." Compl. ¶ 30 n.31. Many of the cases plaintiff relies on are distinguishable because they do not allege any pre-

---

[2] Plaintiff purchased his product at a "brick-and-mortar" store location, not at the joybird.com website, and claims that he viewed floor signs showing price information near the place where the goods were presented for sale. (*see* Compl. ¶ 37; Ex. C)

NOTICE OF MOTION AND MOTION OF DEFENDANT LA-Z-BOY INCORPORATED TO DISMISS CLASS ACTION COMPLAINT

suit investigation, unlike plaintiff here who has conducted an investigation, but just not on the products he actually purchased.[3] *See, e.g.*, *Rubenstein v. Neiman Marcus Group LLC*, 687 F. App'x 564, 568 (9th Cir. 2017) (not requiring pre-suit investigation because "Rubenstein cannot reasonably be expected to have detailed personal knowledge of Neiman Marcus's internal pricing policies or procedures for its Last Call store"); *Stathakos v. Columbia Sportswear Co.*, 2016 WL 1730001, at *4 (N.D. Cal. May 2, 2016) ("plaintiffs are not required to plead that they had conducted a pre-suit investigation—or include the results of such investigations—in every case, particularly where the information is not within the personal knowledge of the pleader"). This is a glaring distinction because it shows that plaintiff here is able to conduct a pre-suit investigation, but has simply chosen not to do them on the items at issue.[4] This is basic information that defendant is entitled to at the outset in order to defend itself.

In addition, plaintiff alleges that Joybird advertises "original" prices in its advertisements (Compl. ¶¶ 19, 22, 24), but the photos included in the complaint show no such thing. *Id.* ¶ 19. Indeed, there is no dispute that Joybird uses "strikethrough" prices, not semantic cues like "original," "regular," or "former" price. *Supra.* at n. 1. This is significant because plaintiff does not allege any facts supporting an inference that reasonable consumers interpret Joybird's strikethrough price as the "original" or "former" price Joybird sold the exact same item in the recent past. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that California's false advertising laws provide relief only when

---

[3] In *Branca v. Nordstrom, Inc.*, also cited in footnote 31, plaintiff alleged "that survey results demonstrate 90% of 206 participants reported interpreting a Nordstrom Rack 'Compare At' tag to mean that 'the associated item was previously sold for [the 'Compare At' price].'" 2015 WL 10436858, *7 (S.D. Cal. Oct. 9, 2015). Plaintiff here also alleges no such survey results.

[4] Plaintiff cites a few cases where courts allowed such allegations to survive the pleadings, but the better analysis is one that would require plaintiff to conduct an investigation on the products he purchased given that those are the ones at issue and that he has demonstrated that he is able to do so.

NOTICE OF MOTION AND MOTION OF DEFENDANT LA-Z-BOY INCORPORATED TO DISMISS CLASS ACTION COMPLAINT

advertisements could deceive a reasonable consumer). And there is no basis to make that inference here.

Plaintiff only makes the conclusory assertion that, "[b]ased on this pricing model, consumers have no reason to suspect that the stricken prices are anything but Defendant's former prices, not a comparison to a competitor's prices or even other La-Z-Boy furniture products." Compl. ¶ 22 n. 23. This bald assertion is not sufficient to satisfy the rigorous pleading standards required under *Iqbal*. Further, none of the cases plaintiff cited in support of his allegation has anything to say about strikethrough prices like the one used here. *Marino*, 264 F. Supp. 3d at 570 (discussing Manufacturer Suggest Retail Price (MFSRP) and acknowledging dismissal at the pleading stage of "compare at" price advertisements because there was no basis for asserting that consumers interpret "compare at" to mean a former price); *Vizcarra v. Michaels Stores*, 24 WL 64747, at *4 (N.D. Cal. Jan. 5, 2024) (discussing coupon pricing); *Knapp v. Art.com, Inc.*, 2016 WL 3268995, at *4 (N.D. Cal. June 15, 2016) (discussing coupon pricing).

Unless plaintiff can prove that reasonable consumers interpret the strike-through price to refer to Joybird's original or former price for the exact same item and not a competitor's price for the same or comparable product,[5] he cannot prove his claim that Joybird's ads are false or misleading even if Joybird never formerly offered the same item online at the strikethrough price. *People of the State of Cal. v. Kohl's Dep't Stores, Inc.*, No. BC643037, slip op. at 5 (Cal. Super. Ct. July 13,
///

---

[5] Plaintiff argues "Defendant is not offering a 'discount' from their own or any competitor's retail prices because the Joybird products are not sold in any other relevant market (or *any* market)." Compl. ¶ 22. This is a misstatement of the definition of "market" under California law. The Court of Appeal has held that a "market" takes into account products of ***similar*** style, quality, and grade. *People v. Superior Court (J.C. Penney Corp.)*, 4 Cal. App. 5th 376, 394 (2019) (emphasis added); *see also Chowning*, 733 F. App'x at 406. Thus, the fact that Joybird-branded furniture is sold only at Joybird does not mean that the strikethrough necessarily refers to Joybird's former price.

NOTICE OF MOTION AND MOTION OF DEFENDANT LA-Z-BOY
INCORPORATED TO DISMISS CLASS ACTION COMPLAINT

1  2021). (Ex. A.)  Requiring plaintiff to plead facts he must ultimately prove makes

2  sense.  It will focus the issues and facilitate potential resolution.

3  **II.    PLAINTIFF'S CLAIMS FOR MONETARY RELIEF UNDER**
4  **CALIFORNIA LAW FAIL**

5     **A.    Price/Value Differential Is The Proper Measure Of Restitution**

6

7        1.    Restitution Is The Only Monetary Relief Available Under The
              UCL And FAL, And Restitution Under The CLRA Is No
8             Different

9        The only monetary remedy available under the UCL and FAL in private

10 actions is restitution. *Hambrick v. Healthcare Partners Med. Grp.*, Inc., 238 Cal.

11 App. 4th 124, 155 (2015). Compensatory damages, punitive damages, and non-

12 restitutionary disgorgement are not available. *Korea Supply Co. v. Lockheed Martin*

13 *Corp.*, 29 Cal. 4th 1134, 1147–48 (2003). Moreover, because the main purpose of

14 these statutes is to "permit courts to enjoin ongoing wrongful business conduct"

15 (*Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 210

16 (1983)), injunctions are "the primary form of relief" available thereunder, while

17 restitution is considered "ancillary" relief. *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th

18 310, 337 (2011).

19        The restitution remedies under the UCL and FAL "are identical and are

20 construed in the same manner." *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal.

21 App. 4th 663, 694 (2006). Likewise, "[t]here is nothing to suggest that the

22 restitution remedy provided under the CLRA should be treated differently than the

23 restitution remedies provided under the [FAL] or [UCL]." *Id*. Accordingly, all

24 discussion of restitution herein applies equally to all three laws. *Id*. at 694 & n.22;

25 *Chowning v. Kohl's Dept. Stores, Inc.*, 733 F. App'x 404, 405 n.1 (C.D. Cal. 2018).

26 (Ex. A.)

27 ///

28 ///

**NOTICE OF MOTION AND MOTION OF DEFENDANT LA-Z-BOY
INCORPORATED TO DISMISS CLASS ACTION COMPLAINT**

1
2

    2.    Price/Value Differential Is The Proper Measure Of UCL And
FAL Restitution

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

      Restitution under California's consumer protection statutes is limited to "the return of the excess of what the plaintiff gave the defendant over the value of what the plaintiff received" — in other words, price/value differential. *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 174 (2000). The controlling California authority on this issue is *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 787, 802 (2015). In *Tobacco Cases II*, the California Court of Appeal held, as a matter of law, that the trial court "lacked discretion to award restitution" in UCL false advertising cases because the plaintiffs "did not establish any price/value differential." *Id*. at 802. Ninth Circuit law is in accord. *See Chowning*, 733 F. App'x at 405 (holding, in lawsuit alleging UCL, FAL, and CLRA claims, that "where a plaintiff obtains value from the product, the proper measure of restitution is '[t]he difference between what the plaintiff paid and the value of what the plaintiff received'"); *Brazil v. Dole Packaged Foods*, LLC, 660 F. App'x 531, 534 (9th Cir. 2016) (holding, in lawsuit alleging UCL, FAL, and CLRA claims, that the district court "correctly limited" any monetary recovery "to the difference between the prices customers paid and the value of the fruit they bought"); *see also Akinmeji v. Jos A. Bank Clothiers, Inc.*, 399 F. Supp. 3d 466, 473 (D. Md. July 31, 2019) (in UCL action alleging that BOGO (Buy One Get One) promotions were misleading, "the proper measure of restitution is the difference between the total price paid and the value of goods received").

23
24
25
26
27
28

      The California Court of Appeal has instructed that in false advertising lawsuits the value of a product is determined by its "market value." *People v. Superior Court (J.C. Penney Corp.)*, 34 Cal. App. 5th at 376.  Market value is shown "by the market price" (*id*.), which requires a determination of the prevailing retail price at which items of similar style, quality, and grade are offered by sellers in the pertinent market. *Id.* at 397; *Chowning*, 733 F. App'x at 406.

NOTICE OF MOTION AND MOTION OF DEFENDANT LA-Z-BOY
INCORPORATED TO DISMISS CLASS ACTION COMPLAINT

1    Requiring a plaintiff to prove a price/value differential in order to obtain

2 restitution is the only outcome consistent with the three "limiting principles" of

3 restitution. *See*, *Chowning v. Kohl's Dep't Stores, Inc.*, 2016 WL 1072129, at *6

4 (C.D. Cal. Mar. 15, 2016); *see also Stathakos v. Columbia Sportswear Co.*, 2017

5 WL 1957063, at *10 (N.D. Cal. May 11, 2017) (recognizing same three limiting

6 principles).

7    *First*, UCL restitution is a more limited remedy than tort or contract damages.

8 The UCL strikes a "balance . . . between broad liability and limited relief." *Korea*

9 *Supply*, 29 Cal. 4th at 1152; *In Re Vioxx Class Cases* (2010), 180 Cal. App. 4th 116,

10 130 ("The UCL balances relaxed liability standards with limits on liability."). This

11 means that the UCL cannot be used as "an all-purpose substitute for a tort or

12 contract action." *Cortez*, 23 Cal. 4th at 173. The California Supreme Court has

13 expressly disapproved using the UCL to "obtain tort damages while bypassing the

14 burden of proving the elements of liability under [a] traditional tort claim . . . ."

15 *Korea Supply*, 29 Cal. 4th at 1151; see *Cortez*, 23 Cal. 4th at 174 (tort damages

16 "*may include* a restitutionary element," but are not so limited) (emphasis added).

17    *Second*, restitution "must account for the benefits or value that a plaintiff

18 received at the time of purchase." *See Chowning*, 2016 WL 1072129, at *6.  It is an

19 "unremarkable proposition" that restitution "requires the plaintiff to account both

20 for what she gave up and any benefits she received." *See Russell v. Kohl's Dep't*

21 *Stores, Inc.*, 2015 WL 12781206, at *4 (C.D. Cal. Oct. 6, 2015); *see Tobacco II*, 240

22 Cal. App. 4th at 791, 794, 802 (rejecting argument that "value is immaterial" in

23 determining restitution). Were the law otherwise, restitution would be an

24 extraordinarily broad remedy, far broader than damages in a fraud action, which

25 must take value into account. See Cal. Civ. Code § 3343(a) (measure of damages in

26 fraud action is difference between price paid and value received).

27    *Third*, "a plaintiff seeking to recover restitution must demonstrate a

28 *measurable loss* supported by the evidence." *See Chowning*, 2016 WL 1072129, at

- 16 -

*6 (emphasis added). Absent any "showing of loss," courts lack discretion to award restitution. *Tobacco II*, 240 Cal. App. 4th at 802; see *id*. at 801 ("Obviously, restitution without proof of any loss to any plaintiff cannot be characterized as restitutionary." (emphasis in original)).

For purposes of restitution under the UCL, a "showing of loss" requires proof that the plaintiff paid more than the value of the product he received in return. *Id*. Thus, in *Tobacco II*, the court held that plaintiff proved no loss because he failed to prove any price/value differential. *Id*. at 802. Similarly, in *Day v. AT&T Corp.*, the court held that a plaintiff who receives a product equal in value to the amount he paid is not entitled to restitution because he has "given up nothing, regardless of whether he or she was improperly induced to purchase the [product] in the first place." 63 Cal. App. 4th 325, 340 (1998) (emphasis added).

**B.    Price/Value Differential Is Also The Proper Measure Of Damages Under The CLRA In A False Advertising Lawsuit**

The measure of "actual damages" under the CLRA is identical to restitution in this lawsuit. Under California Civil Code section 3343(a), the measure of damages in any fraud-based action is "the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received." Cal. Civ. Code § 3343(a). The courts, including the Ninth Circuit, have accordingly held that price/value differential is the correct measure of damages in a false advertising action under the CLRA. *See Colgan*, 135 Cal. App. 4th at 675; *Zakaria v. Gerber Products. Co*., 755 F. App'x 623, 625 n.2 (9th Cir. 2018); *see also Stathakos*, 2017 WL 1957063, at *9 & n.7; *Lyddy v. World of Jeans & Tops*, 2012 WL 760570, at *3 (S.D. Cal. Mar. 7, 2012); *Tompkins v. Basic Research LL*, 2008 WL 1808316, at *4 n.8 (E.D. Cal. Apr. 22, 2008).

///
///
///

- 17 -

### C.    Plaintiff's Request For Monetary Relief Fails Because He Alleges No Facts Showing Price/Value Differential

Plaintiff's request for monetary relief fails because he has alleged no facts to show that the price he paid exceeds the value of the products he received in return. Without factual allegations showing a price/value differential, he has shown no loss. *Tobacco II*, 240 Cal. App. 4th at 802. And without any facts showing a loss, his is not entitled to restitution. *Id*.

Defendant is not aware of a decision applying the price/value differential rule at the pleading stage to dismiss a claim for restitution. But it is hardly a radical proposition that a plaintiff should have to *plead* what he will have to *prove*. Nor is this a difficult requirement to satisfy, if plaintiff can in fact do so in good faith. But if he cannot do so, it is in the interest of both sides as well as the Court to learn this at the outset of the litigation. If plaintiff cannot even allege facts showing entitlement to monetary relief, he will be unable to prove any such right. Learning this now, rather than after full-blown discovery and litigation, may lead to an early resolution of the case and the conservation of judicial resources.

### Conclusion

For the foregoing reasons, La-Z-Boy respectfully requests that the Court grant the motion to dismiss in its entirety.

DATED: August 23, 2024                          YOKA | SMITH, LLP


BY:    */s/ CHRISTOPHER P. LEYEL*
WALTER M. YOKA
CHRISTOPHER P. LEYEL
SHAUNA W. AVRITH
Attorneys for Defendant,
LA-Z-BOY INCORPORATED

NOTICE OF MOTION AND MOTION OF DEFENDANT LA-Z-BOY INCORPORATED TO DISMISS CLASS ACTION COMPLAINT

1

## CERTIFICATE OF COMPLIANCE PER L.R. 11-6.2

2

3      The undersigned, counsel of record for La-Z-Boy Incorporated, certifies that

4  this brief contains 3,290 words, which complies with the word limit of L.R. 16-6.1.

5

6

DATED:  August 23, 2024                    YOKA | SMITH, LLP

7

8                                          BY:   _/s/ CHRISTOPHER P. LEYEL_

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION OF DEFENDANT LA-Z-BOY
INCORPORATED TO DISMISS CLASS ACTION COMPLAINT