UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-04446-JLS-AS                                   Date: November 14, 2024
Title:  Jeffrey Jacobs v. La-Z-Boy Incorporated et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Kelly Davis  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 16)**

Before the Court is a Motion to Dismiss filed by Defendant La-Z-Boy Incorporated ("Defendant").  (Mot., Doc. 16.)  Plaintiff Jeffrey Jacobs opposed, and Defendant responded.  (Opp., Doc. 20; Reply, Doc. 21.)  Having taken this matter under submission, and for the following reasons, the Court DENIES Defendant's Motion.

**I.      BACKGROUND**

Defendant owns Joybird, a retailer and manufacturer of furniture and home decor products.  (Compl. ¶ 3, Doc. 1.)  Defendant's products are available exclusively on Defendant's e-commerce retail channel, joybird.com, and in its retail showrooms.  (*Id.* ¶¶ 3, 21, 39.)  On January 23, 2023, Plaintiff purchased three items—one 5-piece Bryant U-Sofa Bumper Section and two Holt Armless Charis—from Defendant's showroom located at 8335 Melrose Avenue, Los Angeles, CA 90069 for $3,822 and $1,850, respectively.  (*Id.* ¶ 36; Ex. D. to Compl., Doc. 1-4.)  The sofa was advertised with signs displaying a price of $6,370 next to a "40% Off" sign.  (Compl. ¶ 37.)  The chairs were advertised at the price of $3,082 for both units next to a "40% Off" sign.  (*Id.*)  At the time of purchase, Plaintiff "believed he was receiving a significant discount on the items"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-04446-JLS-AS | Date: November 14, 2024 |
| Title:  Jeffrey Jacobs v. La-Z-Boy Incorporated et al | |

after "observing the original prices of the item[s] and the accompanying sale[s] price." (*Id.* ¶ 38.)

However, according to Plaintiff's Complaint, Defendant "rarely, if ever, offer[s] or sell[s] [its] products" at the reference prices displayed in its advertisements.  (*Id.* ¶ 22.)  In reality, the advertised prices are "used solely as a benchmark to induce customers to make purchases" and "mislead[] consumers into believing they are receiving a substantial discount."  (*Id.* ¶¶ 22–23.)  After Plaintiff's purchases, Plaintiff's counsel monitored Defendant's website from January 2024 to May 2024, and tracked the prices of several of Defendant's products.  (*Id.* ¶¶ 30–33.)  This investigation revealed that Defendant uses a uniform scheme of false discounted "sale" prices in advertisements to mislead customers into believing they are receiving a bargain.  (*Id.* ¶¶ 31, 33; *see also* Ex. C to Compl., Doc. 1-3.)  Several paragraphs in the Complaint, and Exhibits A and B to the Complaint, depict some of these advertisements.  (Compl. ¶ 19; Exs. A & B to Compl., Docs. 1-1, 1-2.)  As visible in the example below, Defendant's advertisements feature various strikethrough prices in black font next to a sale price in red accompanied by the words "Save $__", with an amount representing the difference between the purported reference and sale prices:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04446-JLS-AS                                          Date: November 14, 2024
Title:  Jeffrey Jacobs v. La-Z-Boy Incorporated et al



(Compl. ¶ 19; *see also* Ex. A to Compl.)  Defendant's advertising in its showrooms "is consistent with its online practice."  (Compl. ¶ 20).

Plaintiff alleges that he relied on "Defendant's fraudulent and deceptive representations" in purchasing his Joybird products.  (*Id.* ¶ 72).  As a result, Plaintiff and "[a]ll consumers who purchase falsely discounted Joybird products have overpaid and are deprived of the benefit of the bargain [and] will have paid a premium for merchandise that is worth less than its actual sales price."  (*Id.* ¶ 26.)

On May 29, 2024, Plaintiff filed this putative class action seeking to represent a Class defined as:

> All persons who, within the State of California and within the applicable statute of limitations preceding the filing of this action (the "Class Period"), purchased from joybird.com, or any website redirecting to joybird.com, or any Joybird retail

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-04446-JLS-AS | Date: November 14, 2024 |
| Title: Jeffrey Jacobs v. La-Z-Boy Incorporated et al | |

    store one or more products that were discounted from an advertised reference price and who have not received a refund or credit for their purchase(s).

    (*Id.* ¶ 56.) Plaintiff asserts claims under (1) California's Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code § 17200, *et seq.*; (2) California's False Advertising Law ("FAL"), Cal. Bus. Prof. Code § 17500, *et seq.*; and (3) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.* (*Id.* ¶¶ 64–96.) Plaintiff seeks, among other things, monetary damages, restitution, and declaratory and injunctive relief. (Compl. at 39–40.)

## II.   <u>LEGAL STANDARD</u>

    In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up).

## III.   <u>ANALYSIS</u>

    Defendant moves to dismiss all of Plaintiff's claims on the grounds that the Complaint fails to allege facts (1) "showing that the advertised strikethrough price" was false; (2) "supporting an inference that reasonable consumers interpret [Defendant's] strikethrough prices as the 'original' or 'former' price [Defendant] sold the exact same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-04446-JLS-AS | Date: November 14, 2024 |
| Title:  Jeffrey Jacobs v. La-Z-Boy Incorporated et al | |

item [for] in the recent past"; and (3) "giving rise to a right to monetary relief under California law."[1]  (Mot. at 9, 11–12, 18.)

### A.     UCL, FAL, and CLRA

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  Because the statute is written in the disjunctive, it is violated where a defendant's acts or practice is (1) unlawful, (2) unfair, (3) fraudulent, or (4) in violation of section 17500 (false or misleading advertisements)."  *Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718, 731 (9th Cir. 2007).  The FAL prohibits inducing the public to enter into an obligation through the dissemination of "untrue or misleading" statements.  Cal. Bus. & Prof. Code § 17500.  The FAL further provides that no "price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement."  Cal. Bus. & Prof. Code § 17501.  The CLRA prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."  Cal. Civ. Code § 1770(a)(13).

---

[1] Defendant's Notice of Motion vaguely contends that Plaintiff lacks standing, yet Defendant's Motion does not further brief or argue the issue.  (*See generally* Mot.)  In any event, the Court finds that Plaintiff has Article III standing.  Plaintiff alleges that he previously purchased three products from Defendant; that he "desires to shop for additional Joybird furniture . . . in the future" but "will be unable to parse what prices are inflated and untrue, and what prices are not"; and that "an injunction is the only form of relief which will guarantee Plaintiff and other consumers the appropriate assurances."  (Compl. ¶¶ 36, 45–49.)  *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971 (9th Cir. 2018) (discussing Article III standing in a case brought under the CLRA, FAL, and UCL).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-04446-JLS-AS | Date: November 14, 2024 |
| Title:  Jeffrey Jacobs v. La-Z-Boy Incorporated et al | |

Plaintiff's UCL, FAL, and CLRA claims are based on allegations that Defendant engaged in fraudulent misrepresentations and omissions.  These averments sound in fraud, and must be pleaded with particularity under Federal Rule of Civil Procedure 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 853 (N.D. Cal. 2012) (applying Rule 9(b) to UCL, CLRA, and FAL claims based on allegedly false or misleading advertising).  To satisfy Rule 9(b)'s higher pleading standard, plaintiffs bringing claims sounding in fraud must sufficiently allege "'the who, what, when, where, and how' of the misconduct charged."  *Brenner v. Procter & Gamble Co.*, 2016 WL 8192946, at *5 n.5 (C.D. Cal. Oct. 20, 2016) (Staton, J.) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

### 1.   Whether Plaintiff Alleges Facts to Show Defendant's Representations Were False

Defendant does not dispute that its exclusive products all bear the same strikethrough font discount method, which features a "substantially discounted sale price that appears next to the 'crossed out' or 'strikethrough' . . . price." (Compl. ¶¶ 22, n.23, 30; Mot. at 9.)  Defendant seeks to dismiss Plaintiff's claims because Plaintiff's pre-suit investigation does not show that the advertised strikethrough prices of the three products purchased—one 5-piece Bryant U-Sofa Bumper Section and two Holt Armless Chairs—were not prices that Defendant formerly charged or charged in the future. (Mot. at 11–12.)  The Court is unpersuaded.

Accepted as true, Plaintiff's allegations contain sufficient factual matter identifying how and why Defendant's advertisements are false to state a claim for relief under the UCL, FAL, and CLRA.  Plaintiff's Complaint depicts in detail how Defendant's advertisements use strikethrough pricing to give the impression that merchandise is being offered at a discount.  (*See* Compl. ¶¶ 19–20; 30–34; *see also* Exs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04446-JLS-AS                                                                 Date: November 14, 2024
Title:  Jeffrey Jacobs v. La-Z-Boy Incorporated et al

A & B.).  Specifically, Plaintiff's Complaint includes snapshots from Defendant's website depicting rows of items listed with a higher strikethrough price in black font next to a reduced price in red.  (Compl. ¶ 19; *see also* Ex. A.)  The online listings also include a "Save $__" amount in red front representing the difference between the strikethrough price and reduced price.  (Compl. ¶ 19.)  Plaintiff alleges that Defendant's marketing in its retail showrooms is consistent with its online practice: floor models are "advertised with signs bearing the reference price which are then 'discounted' by '__% Off' signs inside the store." (*Id.* ¶ 20.)  By alleging that products sold by Defendant list "crossed-out prices followed by a percentage discount and a new price, Plaintiff has provided enough facts such that it is plausible [that] the prices [are] deceptive." *Munning v. Gap, Inc.*, 2016 WL 6393550, at *5 (N.D. Cal. Oct. 28, 2016); *see also Carvalho v. HP, Inc.*, 2022 WL 17825688, at *6 (N.D. Cal. Dec. 20, 2022) (finding strikethrough prices misleading even where Defendant's website included a disclaimer that the strikethrough price was a Manufacturer's Suggested Retail Price).

The Complaint also sufficiently alleges that the strikethrough benchmark prices are rarely, if ever, the price at which Defendant offers or sells its products and that Defendant's advertisements do not list the date when the alleged former price did prevail.  (Compl. ¶¶ 19–24, 30–40.)  To support this allegation, Plaintiff points to the results of its pre-suit investigation conducted from February 2024 to May 2024 in which "near-daily monitoring of [items sold by Defendant]" revealed "that the products were perpetually discounted and remained 'on sale' for virtually the entire tracking period."  (*Id.* ¶ 30.)  Defendant argues that this investigation cannot support Plaintiff's allegations for two reasons.

First, Defendant argues that because Plaintiff's investigation did not include the products he purchased, it does not show "how and why each advertisement viewed by plaintiff is false." (Mot. at 11–12.)  But Plaintiff alleges that Defendant's <u>entire</u> pricing scheme is misleading.  (Compl. ¶¶ 30–35.)  Accordingly, Plaintiff's identification of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04446-JLS-AS                                                                 Date: November 14, 2024
Title:  Jeffrey Jacobs v. La-Z-Boy Incorporated et al

misrepresentations across Defendant's inventory "alleges sufficient facts about a uniform course of conduct to plausibly support a conclusion that the same allegedly fraudulent practices applied to the items Plaintiff purchased." *Dahlin v. Under Armour, Inc.*, 2020 WL 6647733, at *4 (C.D. Cal. July 31, 2020).  Moreover, while Plaintiff was not required to perform or provide specific details of a pre-suit investigation in order to bring a false discount pricing case at all, the Court notes that Plaintiff's pre-suit investigation included one of the items Plaintiff purchased. (*See* Ex. B at 13–14 (showing the Bryant U-Sofa Bumper Sectional on December 1, 2023 with a strikethrough price of $5,998 and a $3,299 sale price and on January 5, 2024 with a strikethrough price of $5,998 and an increased sale price of $3,599; *see also* Opp. at 16; Compl. ¶ 36.)  *See also Stathakos v. Columbia Sportswear Co.*, 2016 WL 1730001, at *4 (N.D. Cal. May 2, 2016) (finding that plaintiffs "are not required to plead that they had conducted a pre-suit investigation—or include the results of such investigations—in every case[.]").  Plaintiff has plausibly alleged that Defendant's pricing scheme is deceptive.

     Second, Defendant argues that, even if Plaintiff's pre-suit investigation supports a claim under the FAL, Plaintiff has not alleged any facts supporting an inference that "offering products for sale at their full original price more than one or two days a time over a reasonable period of time is deceptive" under the fraudulent and unfair prongs of the UCL or the CLRA. (Reply at 6 (internal quotation marks omitted).)  But Defendant cites no authority, and the Court is unaware of any, supporting the contention that offering products at the strikethrough price for one or two days at a time requires dismissal of claims brought under the UCL or CLRA.  By contrast, Plaintiff points to the FTC Guidelines to provide a basis as to why Defendant's practice, as alleged, is false or misleading. (Compl. ¶ 33; Opp. at 14 n.11.)  Those Guidelines provide that advertisers "should be especially careful . . . that the [reference] price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business."  16 C.F.R. § 233.1(a).  The Court thus declines to find that Plaintiff's allegation is fatal to his claims brought under the fraudulent and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-04446-JLS-AS | Date: November 14, 2024 |
| Title:  Jeffrey Jacobs v. La-Z-Boy Incorporated et al | |

unfair prongs of the UCL and the CLRA.  *See Le v. Kohls Dep't Stores*, Inc., 160 F. Supp. 3d 1096, 1099 (E.D. Wis. 2016) (denying a motion to dismiss UCL and CLRA claims where plaintiff's complaint showed that defendant's merchandise was sold, at least once, at its "original" advertised price).

Viewing the Complaint as a whole, the Court finds that Plaintiff has supported his UCL, FAL, and CLRA claims with sufficient allegations to satisfy Rule 9(b)'s heightened pleading requirement.

### 2. Whether Defendant's Representations Would Deceive a Reasonable Consumer

Defendant next argues that Plaintiff's UCL, FAL, and CLRA claims fail because Plaintiff "does not allege any facts supporting an inference that reasonable consumers interpret [Defendant's] strikethrough price as the 'original' or 'former' price [at which Defendant] sold the exact same item [for] in the recent past."  (Mot. at 12.)  The Court finds that the pleaded facts sufficiently allege deception.

For claims made under the UCL, FAL, and CLRA, courts apply the "reasonable consumer" test, which requires a plaintiff to show that "members of the public are likely to be deceived."  *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quotation marks omitted).  *See also Harris v. Las Vegas Sands L.L.C.*, 2013 WL 5291142, *5 (C.D. Cal. Aug. 16, 2013) (applying reasonable consumer test to UCL, FAL, and CLRA claims).  "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner."  *Lavie v. Proctor & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).  Rather, it must be "probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled."  *Id.*  The relevant consumer is "the ordinary consumer within the larger

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04446-JLS-AS                                             Date: November 14, 2024
Title:  Jeffrey Jacobs v. La-Z-Boy Incorporated et al

population," not the "least sophisticated consumer" nor one that is "exceptionally acute and sophisticated."  *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011) (citation omitted).  Generally, the question of whether a business practice is deceptive is a question of fact not amenable to resolution on a motion to dismiss.  *See Williams*, 552 F.3d at 938.  Yet, dismissal is appropriate "[w]here a [c]ourt can conclude as a matter of law that members of the public are not likely to be deceived."[2]  *Gonzales v. Peter Thomas Roth Labs, LLC*, 2017 WL 5633274, at *3 (C.D. Cal. Nov. 17, 2017) (Staton, J.).

Defendant's advertising does not explicitly identify the strikethrough price as an "original" or "former" price.  (*See, e.g.*, Exs. A & B; Mot. at 9.)  But  "[a] reasonable consumer does not need language such as, 'Formerly $9.99, now 40% Off $9.99' . . . to reasonably understand '40% Off' to mean 40% off the former price of the product."  *Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 725 (N.D. Cal. 2024).  Indeed, "[c]ourts have construed strikethrough prices as representing former prices despite '[t]he lack of specific words indicating the regular price.'"  *Id.* (quoting *Munning*, 2016 WL 6393550, at *4); *see also Carvalho*, 2022 WL 17825688, at *6 (noting that "use[] of a strikethrough [price]" rather than other terms such as "formerly" or "reduced to" is "not determinative as to whether [the price] will deceive a reasonable consumer.")  Here, Plaintiff plausibly alleges that Defendant's advertising could likely convey to a reasonable consumer that the strikethrough price is a "former" price.  Language such as "~~$5,875~~ $3,525 (Save $2350)" or "~~$2,629~~ $1,840 (Save $789)" could "suggest to a reasonable consumer that the listed non-discount price is the price a customer would previously have had to pay and that comparable discounts are not always available."

---

[2] Defendant's argument in Reply that Plaintiff's Complaint must "establish that [consumers] do, in fact, interpret" the strikethrough price to mean "the price they would have been required to pay for the exact same item offered by the exact same retailer in the exact same sales setting" is not well taken.  (Reply at 3 (internal citation and quotation omitted).)  Defendant's cited authority is a statement of decision following a Phase One Trial, not a motion to dismiss where the court must accept as true all "well-pleaded factual allegations" in a complaint.  *Iqbal*, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-04446-JLS-AS | Date: November 14, 2024 |
| Title:  Jeffrey Jacobs v. La-Z-Boy Incorporated et al | |

*Vizcarra*, 710 F. Supp. at 725.  (*See also* Exs. A at 3 & B at 14.)  This squares with the FTC Guidelines, which recognize that former price comparisons can be set in an advertisement "whether accompanied or not by descriptive terminology."  *See* 16 C.F.R. § 233.1.  Additionally, Plaintiff's Complaint references decades of academic research showing that false price comparisons as alleged here mislead reasonable consumers. (Compl. ¶¶ 12–18; Opp. at 18–19.)

For these reasons, Plaintiff's Complaint plausibly alleges that it is "probable that a significant portion of the general consuming public or of targeted consumers . . . could be misled" by Defendant's advertising of its merchandise online and in its showrooms.  *Lavie*, 105 Cal. App. 4th at 508; *see also Munning*, 2016 WL 6393550, at *5 ("By alleging that products on Defendants' websites listed crossed-out prices followed by a percentage discount and a new price, Plaintiff has provided enough facts such that it is plausible a reasonable consumer could view the prices as being deceptive.").

### 3. Whether Plaintiff's UCL, FAL, and CLRA Claims Give Rise to a Right to Monetary Relief

Defendant also argues that Plaintiff's request for monetary relief fails "because he has alleged no facts to show that the price he paid exceeds the value of the products he received in return."  (Mot. at 18.)  This argument is unavailing.

As an initial matter, a price/value differential is not the only way to measure restitution in an action asserting claims under the UCL, FAL or CLRA.  *See In re Tobacco Cases II*, 240 Cal. App. 4th 779, 792 (2015) (noting that the difference between the price paid and the actual value received is not "the exclusive measure of restitution *potentially* available[.]") (emphasis in original); *Russell v. Kohl's Dep't Stores, Inc.*, 2015 WL 12781206, at *4 (C.D. Cal. Oct. 6, 2015) ("[A]lternative measures of restitution may be appropriate based on the circumstances of each case.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04446-JLS-AS                                      Date: November 14, 2024
Title:  Jeffrey Jacobs v. La-Z-Boy Incorporated et al

      The Court finds that whether Plaintiff can later prove the amount of monetary relief sought is a question better addressed at a later stage of litigation.  *Russell*, 2015 WL 12781206, at *5 ("While it remains to be seen whether Plaintiffs can adduce sufficient evidence of a measurable amount of restitution, such an inquiry is premature at this early pleading stage.")  Even Defendant concedes it "is not aware of a decision applying the price/value differential rule at the pleading stage to dismiss a claim for restitution."  (Mot. at 18.)  It is sufficient that Plaintiff's Complaint alleges that the amount it "overpaid" for Defendant's products "can be quantified using, *inter alia*, regression analysis based on Defendant's historic pricing data, which Plaintiff will seek through discovery."  (Compl. ¶ 44.)  *See also Stathakos*, 2016 WL 1730001, at *4 (finding a challenge to restitution methodology premature on a motion to dismiss).

**IV.**      **<u>CONCLUSION</u>**

      For the above reasons, the Court DENIES Defendant's Motion.

                                                                         Initials of Deputy Clerk: kd