**LYNCH CARPENTER LLP**
Todd D. Carpenter (CA 234464)
todd@lcllp.com
Scott G. Braden (CA 305051)
scott@lcllp.com
1234 Camino Del Mar
San Diego, California 92014
Telephone: (619) 762-1910
Facsimile: (858) 313-1850

*Attorneys for Plaintiff and
Proposed Class Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY JACOBS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LA-Z-BOY INCORPORATED, a Michigan Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-04446-JLS-AS<br><br>**JOINT RULE 26(f) REPORT** |

Pursuant to the Federal Rules of Civil Procedure 16(a), 16(b), 16(c) and 26(f), Local Rule 26-1, and the Court's Order Setting Scheduling Conference (ECF No. 25), Plaintiff Jeffrey Jacobs and Defendant La-Z-Boy Incorporated ("Defendant" and, collectively with Plaintiff, the "Parties"), hereby submit their Joint Rule 26(f) report.

## I. THE RULE 26(f) CONFERENCE

The Parties conducted a conference pursuant to Rule 26(f) on January 22, 2025, and discussed the matters required by Rule 26, the Local Rules, and the Orders of this Court. The conference was held telephonically and the participants were Scott Braden for Plaintiff and Christopher Leyel for Defendant.

## II. JOINT RULE 26(f) REPORT

### a. Statement of the Case

Plaintiff's Position

Plaintiff seeks to represent a class of consumers, within the State of California, who purchased from joybird.com, or any website redirecting to joybird.com, or any Joybird retail store one or more products that were discounted from an advertised reference price and who have not received a refund or credit for their purchase(s). Plaintiffs allege that Defendant's use of reference prices at Joybird retail showroom stores in California and on joybird.com was improper and misleading. Plaintiffs allege three causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, *et seq.*; (2) violation of California's False Advertising Law ("FAL"), Bus. & Prof. Code § 17500, *et seq.*; and (3) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

This is a putative class action and is a complex case under Local Rule 26-1(a). As such, Plaintiff will seek certification of a class of consumers as set forth in Plaintiff's Complaint. *See* ECF No. 1, ¶ 56. Plaintiff reserves the right to amend this class definition to conform to the evidence uncovered during discovery.

Defendant's Position

Defendant asserts that Plaintiffs' claims are legally defective and should be dismissed for the reasons set forth in Defendants' papers, including, but not limited to, the motion to dismiss. Further, with respect to the factual allegations in the Complaint, Defendant reserves all rights and in no way concedes any of the positions stated above.

**b.   Legal Issues**

Plaintiff's Position

The principal issues in this matter include:

- whether the case may be certified as a class action;
- whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices through advertising products with false price comparisons;
- whether Defendant mislead consumers by making untrue and misleading statements;
- whether Defendant made false or misleading statements regarding price reductions;
- whether Defendant violated the UCL, FAL, and CLRA;
- whether Plaintiff and other putative class members are entitled to damages and/or restitution; and
- whether an injunction is necessary to prevent Defendant from continuing to use false, misleading, or illegal price comparison advertising.

Defendant's Position

Defendant submits that the primary legal issues are as follows:

1.   Whether Plaintiff can prove that Defendant's sales were deceptive or misleading.

2.   Whether Plaintiff can prove that the prices paid for Joybird products exceeded their market value.

3.   Whether Plaintiff can come forward with a damages model to prove classwide damages.

**c.   Damages**

On behalf of themselves and all proposed class members, Plaintiff seeks damages, restitution (under a price premium and/or benefit of the bargain theory), and injunctive relief. Plaintiff will also seek punitive and statutory damages as appropriate against Defendants, as well as attorneys' fees, costs, and expenses as permitted by applicable law.

Defendant disputes that Plaintiff will be able to prove any damages.

**d.   Insurance**

The Parties are aware of no applicable coverage for Plaintiff's claims.

**e.   Motions**

Plaintiff's Position

At this time, Plaintiff does not anticipate the addition of any new parties to the action. However, Plaintiff reserves the right to seek leave to amend to add additional parties to conform to the evidence uncovered during discovery. Plaintiff intends to move for class certification at a reasonable time following the completion of discovery in all applicable areas. Plaintiff does not intend at this time to file any dispositive motions. However, Plaintiff reserves the right to file any motion(s) for summary judgment and/or adjudication, as well as motions *in limine,* following further discovery..

Defendant's Position

Defendant submits that a motion for summary judgment is appropriate so that the Court can decide the dispositive legal issues addressed in the motion to dismiss.

**f.   Complexity**

The Parties believe the Manual for Complex Litigation should receive great deference though may not be dispositive on all issues.

**g.   Status of Discovery**

The Parties anticipate they will propound written discovery in the form of interrogatories, requests for production, and requests for admissions as authorized by the Federal Rules.  The Parties plan to exchange initial disclosures by March 1, 2025.

### h. Discovery Plan

The Parties intend to commence written discovery in February or March 2025.

<u>Plaintiff's Position</u>

Plaintiff intends to seek discovery of Defendant's pricing and discounting policies, procedures, and practices, including documents relating to its sales, discounting, and advertising policies; how its pricing data is stored; and sales and pricing data necessary to calculate restitution, disgorgement, and/or damages for the putative class. Plaintiff intends to seek class-wide discovery of Defendant's retail store and e-commerce website joybird.com pricing advertisements and purported discounts for the relevant period. Plaintiff further intends to seek discovery relating to Defendant's communications to Plaintiff and class members regarding its advertised reference (i.e., "original") prices and information relied upon by Defendant to establish such prices; and documents and data relating to the sales of Defendant's merchandise as purportedly discounted from its reference price (*i.e.*, "original" price), the sales price of such merchandise, the number of items and dates such items were sold, the margins associated with such items, and the identification by product of those products that were sold pursuant to advertised discounts that did not accurately reflect the actual prices within the three months immediately preceding the publication of the advertised former prices, as required by California law.

<u>Defendant's Position</u>

Defendant intends to take written discovery related to, among other things, monetary relief, Plaintiff's purchasing habits, proof of purchase, returns, and plaintiff's decision to file this case.

**Depositions**. The Parties intend to notice depositions within a reasonable time. The Parties do not anticipate exceeding the maximum number of depositions set forth in Fed. R. Civ. P. 30. The Parties agree to meet and confer regarding mutually agreeable dates for depositions.

Plaintiff's Position

Plaintiff believes it is premature to identify by name and/or title all of the witnesses to be deposed in this case, and reserves the right to supplement the list of witnesses as discovery proceeds, including after service of initial disclosures and responses to requests for production of documents and interrogatories. However, Plaintiff anticipates taking the deposition of Defendant's persons-most-knowledgeable on the areas of discovery identified above. Plaintiff may also depose any third-party providers that facilitate the transactional data. Further, Plaintiff anticipates taking the deposition of any expert witness to be named by Defendant as part of class certification and trial. Plaintiff believes it is premature to limit fact discovery at this point.

Defendant's Position

Defendant intends to take the deposition of plaintiff and any experts designated by plaintiff.

**Protective Order.** The Parties agree to meet and confer in good faith toward submitting to the Court a protective order to govern the confidential treatment of documents.

**Electronically Stored Information (ESI)**. The Parties intend to work cooperatively regarding the disclosure, discovery, and preservation of electronically stored information. Plaintiff intends to provide Defendant with a copy of a proposed ESI protocol to govern the production of ESI in the litigation, which the Parties will negotiate in good faith. The Parties have agreed to engage in further discussion about the form of ESI to produce.

**Phasing of Discovery**. The Parties do not believe that discovery should be bifurcated or phased, other than having the deadline for fact discovery to precede the deadline for expert discovery, as addressed below.

i. **Expert Discovery**

In the absence of any subsequent stipulation or Court order, the Parties believe the Court should set expert disclosure deadlines following its decision on Plaintiff's motion for class certification. The Parties propose that within 30 days of the Court's ruling on

Plaintiff's motion for class certification, the Parties meet and confer and provide a joint proposal regarding the remaining fact discovery timeline, expert disclosures, expert discovery cutoff, and trial. This approach is supported by the Parties' desire to minimize potentially unnecessary costs and keep discovery "proportional to the needs of the case" (Fed. R. Civ. P. 26(b)(1)), by agreeing to defer the full production of certain discovery that will only become necessary after a class is certified.

Plaintiff anticipates submitting expert testimony in support of his motion for class certification, but such testimony will be limited to the necessary elements under Rule 23. Plaintiff anticipates obtaining more fulsome expert testimony on the merits of the action in accordance with Rule 26(a)(2)(D), including consumer survey(s) and damage model(s) at the expert disclosure deadline, which the Parties request not be set until after the Court rules on Plaintiff's motion for class certification. To that end, the Parties believe the respective briefing deadlines for and against class certification should provide reasonable time for the Parties to depose opposing class certification experts.

In particular, plaintiffs in pricing cases such as this will typically agree that defendants need initially produce a relatively small sampling of historical sales transaction data and other related data, such as sales forecasts, cost data, and price planning documents that will be analyzed in connection with their class certification motion. *See generally*, *Spann v. J.C. Penney, Inc.*, 307 F.R.D. 508, 520-21 (C.D. Cal. 2015) (certifying a class based, in part, on expert analysis of a sampling of sales data and Price Pacing Flow Charts related to just seven products). However, if a class is certified, Plaintiff will require the full production of *all* such data as it relates to *all* products purchased by the certified class, which is expected to be extremely voluminous, and which will likely require extra time for both production and expert analysis prior to expert disclosures and trial.

Additionally, in Plaintiff's counsel's experience, while there is typically a large degree of overlap between the class and merits discovery in these types of cases, including on issues of materiality, consumer perception, liability, and damages, there is often some degree of "clean-up" discovery that needs to be done following a ruling on class

certification. For instance, the continuation of discovery after a decision on class certification will also promote efficiency because only then will the Parties know the temporal and geographic contours of discovery—i.e., the relevant class period and class members. Further, after a class is certified, Plaintiff will request Defendant produce any customer identifying information for its California purchasers for class notice purposes. Fed. R. Civ. P. 23(c)(2)(B) ("For any class certified under Rule 23(b)(3), the court must direct the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.").

Together, these reasons support the Parties' mutual request to continue setting the pretrial dates for fact discovery cutoff, expert disclosures, expert discovery cutoff, and dispositive motions until at least 30 days after the Court has entered its decision on Plaintiff's motion for class certification.

Alternatively, the Parties request the following schedule for these items:

| Event | Date |
| --- | --- |
| Plaintiff's expert disclosures | 90 days from the certification order |
| Defendant's expert disclosures | 120 days from the certification order |
| Plaintiff's rebuttal expert disclosures | 150 days from the certification order |
| Fact and Expert Discovery Cutoff | 14 days after Plaintiffs' rebuttal expert disclosures |
| Dispositive Motions | 8 weeks after the discovery cutoff |

### j.  Dispositive Motions

Plaintiff's Position

Plaintiff does not intend at this time to file any dispositive motions. However, Plaintiff reserves the right to file any motion(s) for summary judgment and/or adjudication following commencement of discovery. Plaintiff intends to move for class certification at a reasonable time.

Defendant's Position

Defendant anticipates that a motion for summary judgment will be filed to decide the significant legal issues identified in the motion to dismiss.

### k. Alternative Dispute Resolution ("ADR")

The Parties prefer ADR Procedure No. 3 (private mediation) over ADR Procedure No. 2 (Court Mediation Panel).

### l. Settlement Efforts

At this time, the Parties are actively negotiating a prospective settlement and are hoping to reach a resolution within the coming weeks that will resolve all of Plaintiff's claims. Although no agreement in principle or otherwise has been reached yet, they have made substantial progress over the last several weeks. The Parties may pursue private mediation in the event direct negotiations end in stalemate. Were it not for Judge's Procedure No. 4, the Parties would have sought to continue the Scheduling Conference by approximately 30 days, or some other time as the Court deemed appropriate, in the interest of efficiency while they continued settlement negotiations.

### m. Preliminary Trial Estimate

The Parties preliminary estimate is that trial in this case will be approximately 4-6 days.

### n. Trial Counsel

Plaintiff:

Todd D. Carpenter; Scott G. Braden

Defendant:

Alex Beroukhim, Christopher Leyel

### o. Independent Expert or Master

The Parties do not believe this is a case in which a master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert needs to be appointed.

### p. Other Issues

The Parties are not presently aware of any other issues affecting the status or management of this case.

| | | |
|---|---|---|
| 1 | Dated: January 31, 2025 | **LYNCH CARPENTER, LLP** |
| 2 | | |
| 3 | | By: /s/ Scott G. Braden |
| | | Scott G. Braden (CA 305051) |
| 4 | | Scott@lcllp.com |
| | | Todd D. Carpenter (CA 234464) |
| 5 | | todd@lcllp.com |
| | | 1234 Camino del Mar |
| 6 | | Del Mar, California 92014 |
| | | Telephone: (619) 762-1910 |
| 7 | | Facsimile: (858) 313-1850 |
| 8 | | *Attorneys for Plaintiff and Proposed Class Counsel* |
| 9 | | |
| 10 | Dated: January 31, 2025 | **YOKA | SMITH, LLP** |
| 11 | | By: /s/ Christopher P. Leyel |
| 12 | | Walter M. Yoka (SB# 94536) |
| | | wyoka@yokasmith.com |
| 13 | | Christopher P. Leyel (SB# 161755) |
| | | cleyel@yokasmith.com |
| 14 | | Shauna W. Avrith (SB# 145085) |
| | | savrith@yokasmith.com |
| 15 | | 445 S. Figueroa Street, 38th Floor |
| | | Los Angeles, CA 90071 |
| 16 | | Telephone: (213) 427-2300 |
| | | Facsimile: (213) 427-2330 |
| 17 | | **ARNOLD & PORTER KAY SCHOLER, LLP** |
| 18 | | James F. Speyer (SB# 133114) |
| | | James.speyer@arnoldporter.com |
| 19 | | E. Alex Beroukhim (SB# 220722) |
| | | alex.beroukhim@arnoldporter.com |
| 20 | | 777 S. Figueroa Street, 44th Floor |
| | | Los Angeles, CA 90017 |
| 21 | | Telephone: (213) 243-4000 |
| | | Facsimile: (213) 243-4199 |
| 22 | | *Attorneys for Defendant* |
| 23 | | |

### SIGNATURE ATTESTATION

I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

| | | |
|---|---|---|
| 27 | Dated: January 31, 2025 | **LYNCH CARPENTER, LLP** |
| 28 | | By: /s/ Scott G. Braden |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Scott G. Braden (CA 305051)
Scott@lcllp.com