**LYNCH CARPENTER LLP**
Todd D. Carpenter (CA 234464)
todd@lcllp.com
Scott G. Braden (CA 305051)
scott@lcllp.com
9171 Towne Centre Drive, Suite 180
San Diego, CA 92122
Telephone: (619) 762-1910
Facsimile: (858) 313-1850

*Attorneys for Plaintiff and Proposed Class Counsel*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY JACOBS, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>LA-Z-BOY INCORPORATED, a Michigan Corporation, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No.: 2:24-cv-04446-JLS-AS<br><br>**AMENDED JOINT RULE 26(f) REPORT** |

Pursuant to the Federal Rules of Civil Procedure 16(a), 16(b), 16(c) and 26(f), Local Rule 26-1, the Court's Order Setting Scheduling Conference (ECF No. 25) and the Court's Order re Joint Rule 26(F) Report (ECF No. 28), Plaintiff Jeffrey Jacobs and Defendant La-Z-Boy Incorporated ("Defendant" and, collectively with Plaintiff, the "Parties"), hereby submit their Amended Joint Rule 26(f) report.

## I. THE RULE 26(f) CONFERENCE

The Parties conducted a conference pursuant to Rule 26(f) on January 22, 2025, and discussed the matters required by Rule 26, the Local Rules, and the Orders of this Court. The conference was held telephonically and the participants were Scott Braden for Plaintiff and Christopher Leyel for Defendant.

## II. JOINT RULE 26(f) REPORT

### a. Statement of the Case

Plaintiff's Position

Plaintiff seeks to represent a class of consumers, within the State of California, who purchased from joybird.com, or any website redirecting to joybird.com, or any Joybird retail store one or more products that were discounted from an advertised reference price and who have not received a refund or credit for their purchase(s). Plaintiffs allege that Defendant's use of reference prices at Joybird retail showroom stores in California and on joybird.com was improper and misleading. Plaintiffs allege three causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, *et seq.*; (2) violation of California's False Advertising Law ("FAL"), Bus. & Prof. Code § 17500, *et seq.*; and (3) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

This is a putative class action and is a complex case under Local Rule 26-1(a). As such, Plaintiff will seek certification of a class of consumers as set forth in Plaintiff's Complaint. *See* ECF No. 1, ¶ 56. Plaintiff reserves the right to amend this class definition to conform to the evidence uncovered during discovery.

Defendant's Position

Defendant asserts that Plaintiffs' claims are legally defective and should be dismissed for the reasons set forth in Defendants' motion to dismiss. Further, with respect to the factual allegations in the Complaint, Defendant reserves all rights and in no way concedes any of the positions stated above.

**b.    Legal Issues**

Plaintiff's Position

The principal issues in this matter include:

1. Whether the case may be certified as a class action.

2. Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices through advertising products with false price comparisons.

3. Whether Defendant mislead consumers by making untrue and misleading statements.

4. Whether Defendant made false or misleading statements regarding price reductions.

5. Whether Defendant violated the UCL, FAL, and CLRA.

6. Whether Plaintiff and other putative class members are entitled to damages and/or restitution.

7. Whether an injunction is necessary to prevent Defendant from continuing to use false, misleading, or illegal price comparison advertising.

Defendant's Position

Defendant submits that the primary legal issues are as follows:

1. Whether Plaintiff can prove that Defendant's sales were deceptive or misleading.

2. Whether Plaintiff can prove that the prices paid for Joybird products exceeded their market value.

3. Whether Plaintiff can come forward with a damages model to prove classwide damages.

**c.   Damages**

On behalf of themselves and all proposed class members, Plaintiff seeks damages, restitution (under a price premium and/or benefit of the bargain theory), and injunctive relief. Plaintiff will also seek punitive and statutory damages as appropriate against Defendants, as well as attorneys' fees, costs, and expenses as permitted by applicable law.

Defendant disputes that Plaintiff will be able to prove any damages.

**d.   Insurance**

The Parties are aware of no applicable coverage for Plaintiff's claims.

**e.   Motions**

<u>Plaintiff's Position</u>

At this time, Plaintiff does not anticipate the addition of any new parties to the action. However, Plaintiff reserves the right to seek leave to amend to add additional parties to conform to the evidence uncovered during discovery. Plaintiff intends to move for class certification at a reasonable time following the completion of discovery in the necessary areas and tentatively requests the Court enter the briefing schedule set forth in Exhibit "A" with respect to Plaintiff's opening brief, Defendant's opposition, and Plaintiff's reply. Plaintiff does not intend at this time to file any dispositive motions. However, Plaintiff reserves the right to file any motion(s) for summary judgment and/or adjudication, as well as motions *in limine,* following further discovery.

<u>Defendant's Position</u>

Defendant submits that a motion for summary judgment is appropriate so that the Court can decide the dispositive legal issues addressed in the motion to dismiss.

**f.   Complexity**

The Parties believe the Manual for Complex Litigation should receive great deference though may not be dispositive on all issues.

**g.   Status of Discovery**

If the action cannot be resolved in the coming weeks or months, the Parties anticipate they will propound written discovery in the form of interrogatories, requests for production,

and requests for admissions as authorized by the Federal Rules. The parties have already exchanged initial disclosures.

**h.     Discovery Plan**

The Parties have exchanged discovery informally in order to further settlement efforts and Plaintiff expects additional discovery will be exchanged if the case does not reach a resolution at mediation.

<u>Plaintiff's Position</u>

Plaintiff intends to seek discovery of Defendant's pricing and discounting policies, procedures, and practices, including documents relating to its sales, discounting, and advertising policies; how its pricing data is stored; and sales and pricing data necessary to calculate restitution, disgorgement, and/or damages for the putative class. Plaintiff intends to seek class-wide discovery of Defendant's retail store and e-commerce website joybird.com pricing advertisements and purported discounts for the relevant period. Plaintiff further intends to seek discovery relating to Defendant's communications to Plaintiff and class members regarding its advertised reference (i.e., "original") prices and information relied upon by Defendant to establish such prices; and documents and data relating to the sales of Defendant's merchandise as purportedly discounted from its reference price (*i.e.*, "original" price), the sales price of such merchandise, the number of items and dates such items were sold, the margins associated with such items, and the identification by product of those products that were sold pursuant to advertised discounts that did not accurately reflect the actual prices within the three months immediately preceding the publication of the advertised former prices, as required by California law.

<u>Defendant's Position</u>

Defendant intends to take written discovery related to, among other things, monetary relief, Plaintiff's purchasing habits, proof of purchase, returns, and plaintiff's decision to file this case.

**Depositions**. The Parties intend to notice depositions within a reasonable time. The Parties do not anticipate exceeding the maximum number of depositions set forth in Fed. R.

Civ. P. 30. The Parties agree to meet and confer regarding mutually agreeable dates for depositions.

<u>Plaintiff's Position</u>

Plaintiff believes it is premature to identify by name and/or title all of the witnesses to be deposed in this case, and reserves the right to supplement the list of witnesses as discovery proceeds, including after service of initial disclosures and responses to requests for production of documents and interrogatories. However, Plaintiff anticipates taking the deposition of Defendant's persons-most-knowledgeable on the areas of discovery identified above. Plaintiff may also depose any third-party providers that facilitate the transactional data. Further, Plaintiff anticipates taking the deposition of any expert witness to be named by Defendant as part of class certification and trial. Plaintiff believes it is premature to limit fact discovery at this point.

<u>Defendant's Position</u>

Defendant intends to take the deposition of plaintiff and any experts designated by plaintiff.

**Protective Order.** The Parties agree to meet and confer in good faith toward submitting to the Court a protective order to govern the confidential treatment of documents.

**Electronically Stored Information (ESI)**. The Parties intend to work cooperatively regarding the disclosure, discovery, and preservation of electronically stored information. Plaintiff intends to provide Defendant with a copy of a proposed ESI protocol to govern the production of ESI in the litigation, which the Parties will negotiate in good faith. The Parties have agreed to engage in further discussion about the form of ESI to produce.

**Phasing of Discovery**. The Parties do not believe that discovery should be bifurcated or phased, other than having the deadline for fact discovery to precede the deadline for expert discovery, as addressed below.

i. **Expert Discovery**

In the absence of any subsequent stipulation or Court order, the Parties believe the Court should set expert disclosure and other pre-trial deadlines following its decision on Plaintiff's motion for class certification.[1] However, to comply with the Court's individual rules of practice, the Parties propose dates certain for the disclosure of experts and expert discovery cutoff in the attached **Exhibit A**.

j. **Dispositive Motions**

<u>Plaintiff's Position</u>

Plaintiff does not intend at this time to file any dispositive motions. However, Plaintiff reserves the right to file any motion(s) for summary judgment and/or adjudication following commencement of discovery.

---

[1] As discussed in the Parties original Rule 26(f) Report (Dkt. 26), this approach helps minimize potentially unnecessary costs and keeps discovery "proportional to the needs of the case" (Fed. R. Civ. P. 26(b)(1)) by deferring full production of certain discovery until after a class is certified. This is because plaintiffs in pricing cases such as this will typically agree that defendants need initially produce a relatively small sampling of historical sales transaction data and other related data, such as sales forecasts, cost data, and price planning documents that will be analyzed in connection with their class certification motion. See generally, Spann v. J.C. Penney, Inc., 307 F.R.D. 508, 520-21 (C.D. Cal. 2015) (certifying a class based, in part, on expert analysis of a sampling of sales data and Price Pacing Flow Charts related to just seven products). However, if a class is certified, Plaintiff will require the full production of all such data as it relates to all products purchased by the certified class, which is expected to be extremely voluminous, and which will likely require extra time for both production and expert analysis prior to expert disclosures and trial. Additionally, this approach can potentially save parties' tens or hundreds of thousands of dollars on expert costs by deferring full expert disclosures until after the class certification. I.e., Plaintiff anticipates submitting expert testimony in support of his motion for class certification, but such testimony will be limited to the necessary elements under Rule 23. Plaintiff anticipates obtaining more fulsome expert testimony on the merits of the action in accordance with Rule 26(a)(2)(D), including consumer survey(s) and damage model(s) at the expert disclosure deadline, as presently set forth in **Exhibit A**, though which the Parties may later seek to continue to help ensure that it takes place *following* the Court's order on class certification. Relatedly, this is also why the Parties have requested six week intervals in class certification briefing deadlines in Exhibit A, as opposed to the Court's standard four weeks—to provide reasonably sufficient time for the Parties to each depose opposing class certification experts. Lastly, keeping fact discovery open until sometime after the certification order, in Plaintiff's counsel's experience, makes sense because there will likely be some clean-up discovery that needs to take place once the temporal and geographic contours of discovery—i.e., the relevant class period and class members—are known. Indeed, once a class is certified Plaintiff will request Defendant produce any customer identifying information for its California purchasers for class notice purposes. Fed. R. Civ. P. 23(c)(2)(B) ("For any class certified under Rule 23(b)(3), the court must direct the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."). Practically speaking, this would occur only after the ruling on class certification—not before—and the Parties may require some additional time to hash out the details of that production.

Defendant's Position

Defendant anticipates that a motion for summary judgment will be filed to decide the significant legal issues identified in the motion to dismiss.

**k.   Alternative Dispute Resolution ("ADR")**

The Parties prefer ADR Procedure No. 3 (private mediation) over ADR Procedure No. 2 (Court Mediation Panel).

**l.   Settlement Efforts**

At this time, the Parties are actively negotiating a prospective settlement and are hoping to reach a resolution within the coming weeks that will resolve all of Plaintiff's claims. The Parties are currently engaging in efforts to reserve a date to schedule a mediation session with a qualified and experienced mediator to assist the Parties in reaching a resolution.

**m.   Preliminary Trial Estimate**

The Parties preliminary estimate is that trial in this case will be approximately 4-6 days.

**n.   Trial Counsel**

Plaintiff:

Todd D. Carpenter; Scott G. Braden

Defendant:

Alex Beroukhim, Christopher Leyel

**o.   Independent Expert or Master**

The Parties do not believe this is a case in which a master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert needs to be appointed.

**p.   Other Issues**

The Parties are not presently aware of any other issues affecting the status or management of this case.

| | | |
|---|---|---|
| 1 | Dated: March 18, 2025 | **LYNCH CARPENTER, LLP** |
| 2 | | |
| 3 | | By: /s/ *Scott G. Braden* <br> Scott G. Braden (CA 305051) <br> Scott@lcllp.com |
| 4 | | Todd D. Carpenter (CA 234464) <br> todd@lcllp.com |
| 5 | | 9171 Towne Centre Drive, Suite 180 <br> San Diego, CA 92122 |
| 6 | | Telephone: (619) 762-1910 <br> Facsimile: (858) 313-1850 |
| 7 | | |
| 8 | | *Attorneys for Plaintiff and Proposed Class Counsel* |
| 9 | | |
| 10 | Dated: March 18, 2025 | **YOKA | SMITH, LLP** |
| 11 | | By: /s/ *Christopher P. Leyel* |
| 12 | | Walter M. Yoka (SB# 94536) <br> wyoka@yokasmith.com |
| 13 | | Christopher P. Leyel (SB# 161755) <br> cleyel@yokasmith.com |
| 14 | | Shauna W. Avrith (SB# 145085) <br> savrith@yokasmith.com |
| 15 | | 445 S. Figueroa Street, 38th Floor <br> Los Angeles, CA 90071 |
| 16 | | Telephone: (213) 427-2300 <br> Facsimile (213) 427-2330 |
| 17 | | **ARNOLD & PORTER KAY SCHOLER, LLP** |
| 18 | | James F. Speyer (SB# 133114) <br> James.speyer@arnoldporter.com |
| 19 | | E. Alex Beroukhim (SB# 220722) <br> alex.beroukhim@arnoldporter.com |
| 20 | | 777 S. Figueroa Street, 44th Floor <br> Los Angeles, CA 90017 |
| 21 | | Telephone: (213) 243-4000 <br> Facsimile: (213) 243-4199 |
| 22 | | *Attorneys for Defendant* |
| 23 | | |

### SIGNATURE ATTESTATION

I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

Dated: March 18, 2025     **LYNCH CARPENTER, LLP**

By: /s/ *Scott G. Braden*

Scott G. Braden (CA 305051)
Scott@lcllp.com

EXHIBIT A
PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME:      *Jacobs v. La-Z-Boy Incorporated*
CASE NO.:       2:24-cv-04446-JSL-AS

| Matter | Deadline | Plaintiff's Request | Defendant's Request |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date Plus 8 weeks | April 11, 2025 | April 11, 2025 |
| Plaintiff's Opening Brief in Support of Class Certification | Scheduling Conference Date plus six to nine months | November 14, 2025 | November 14, 2025 |
| Defendant's Opposition to Class Certification | Motion Filing Date Plus Four weeks | December 30, 2025 | December 30, 2025[2] |
| Plaintiff's Reply Brief in Support of Class Certification | Opposition Filing Date Plus Four Weeks | February 10, 2026 | February 10, 2026 |
| Fact Discovery Cut-Off | Filing of Motion for Class Certification Plus Six Months | June 12, 2026 | June 12, 2026 |
| Last Day to Serve Initial Expert Reports | 2 weeks after Fact Discovery Cut-Off | June 26, 2026 | June 26, 2026 |
| Last Day to File Motions (except *Daubert* and all other Motions in Limine) | 2 weeks after Fact Discovery Cut-Off | June 26, 2026 | June 26, 2026 |

---

[2] Defendant is mindful of the Court's preference that opposition to class certification be filed four weeks after the motion for class certification is filed. However, Defendant is concerned about being able to conduct needed discovery, including expert depositions, with the Thanksgiving holiday occurring shortly after Plaintiff proposes to file his motion. Defendant proposes to extend fact discovery and related schedules accordingly.

| Matter | Deadline | Plaintiff's Request | Defendant's Request |
|---|---|---|---|
| Last Day to Serve Rebuttal Expert Reports | 6 weeks after Fact Discovery Cut-Off | July 24, 2026 | July 24, 2026 |
| Last Day to Conduct Settlement Proceedings | 9 weeks after Fact Discovery Cut-Off | August 14, 2026 | August 14, 2026 |
| Expert Discovery Cut-Off | 10 weeks after Fact Discovery Cut-Off | August 21, 2026 | August 21, 2026 |
| Last Day to File *Daubert* Motions: | 1 week after Expert Discovery Cut-Off | August 28, 2026 | August 28, 2026 |
| Last Day to File Motions in Limine | 4 weeks before the FPTC | October 16, 2026 | October 16, 2026 |
| Final Pre-Trial Conference **(Friday at 10:30 a.m.)** | 22 weeks after Fact Discovery Cut-Off | November 13, 2026 | November 13, 2026 |